UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS.

UNITED STATES OF AMERICA,            )
                                     )
VS.                                  )        Criminal No. 05-30044
                                     )
JOSE CRUZ,                           )

FILED
IN CLERK'S OFFICE
2006 AUG 28  A 11: 21
U.S. DISTRICT
DISTRICT OF MASS

## DEFENDANT'S SENTENCING MEMORANDUM

Now comes the Defendant in the above-entitled matter and respectfully submits the following memorandum:

### 1.    INTRODUCTION

The Defendant, Jose Cruz, respectfully submits this Memorandum in order to provide information to assist the Court in fashioning a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment as required by 18 U.S.C, Section. 3553(a) in light of United States v. Booker, 125 S. Ct. 738 (2005).

Booker restored the District Court's ability to fashion a sentence tailored to the individual circumstances of the case and Defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Indeed under Section 3553(a), Courts are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment. Here, the Defendant respectfully requests this Court to sentence him to 180 months of confinement which meets the statutory minium of 18 U.S.C., Section 924(e) and falls within the higher level of the guidelines regarding imprisonment range.

### 2.    PROCEDURAL BACKGROUND

Jose Cruz pled guilty to one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C., Section 922(g)(1). The Defendant now stands before the Court for sentencing.

### 3.    POST-BOOKER SENTENCING CONSIDERATION

The Court is aware of the broad ramifications of United States vs. Booker regarding this proceeding. The sentencing guideline range is no longer binding on the court but is only one of only five factors to be considered in determining the sentence. However, based upon the

mandatory minimum that the Defendant faces only the first factor which is the nature and circumstances of the offense and the history and characteristics of the Defendant is relevant to this proceeding.  18 U.S.C., Section 3553(a)(1).

**A.    Nature and Circumstance of the Defense**

The Defendant has pled guilty to selling a firearm to an FBI cooperating witness on March 16, 2005. While the Defendant has admitted his guilt to this crime it should be noted that he did not solicit or attempt to force any individual to buy the firearm. The Defendant's version is that the cooperating witness continually contacted him until he agreed to sell him a firearm.

Since his arrest the Defendant has been detained at the Hampden County House of Correction. The Defendant on several opportunities has made contact with the FBI Gang Task Force and law enforcement for the Commonwealth of Massachusetts in regard to the assistance in the investigation and prosecution of other matters. While this cooperation has not been significant enough in nature to the Government to move for a downward departure under Section 5K.1 of the Sentencing Guidelines it should be noted that the Defendant has turned his back on those on with whom he has associated with in the past. Roberts vs. United States, 445 U.S. 552 (1980).

**B.    Defendant's Characteristics**

Jose Cruz is 32 years of age and one of four children born to Jose and Maria Cruz in Comerio, Puerto Rico. His family moved to Hartford, Connecticut when he was three years old and he was raised in a low income, crime ridden neighborhood. His mother provided good care to the children but his father was an alcoholic who was verbally and physically abusive to the children. He was placed in a foster home at the early age of 12 years and went from home to home to juvenile centers in Connecticut until he was 18 years of age. The Defendant succumbed to the pressures of the street and was incarcerated several times in the 1990s and was also additionally incarcerated from 2001 through 2003. The Defendant was a member of the Latin Kings during this time and most of his problems were caused by his affiliation with the gang. Since his arrest in 2005 the Defendant has renounced his membership in the Latin Kings.

Mr. Cruz suffers from diabetes which he developed as a youth. He is insulin dependent and the diabetes has affected his eyesight. Mr. Cruz also suffers from high blood pressure and has been also diagnosed as suffering from depression. The medication regiment is such that he takes insulin four time a day, high blood pressure medication as well as Elavil and Prozac.

The Defendant began smoking marijuana and drinking alcohol at the age of 13. He continually used those substances for the past nineteen years until his arrest in 2005.

He has participated in substance abuse treatment but feels that additional treatment would be helpful to his situation.

**4.    SENTENCE AVAILABLE**

In this case the Court has no discretion but to impose a minium 180 month sentence. The Defendant submits that a sentence much greater than the Booker standard of "sufficient but not greater than necessary" is not warranted given his situation. The guidelines recommend 180 to 210 months. Obviously the mandatory minimum places Mr. Cruz in the lower level of the guidelines. It would be the Defendant's contention that the minimally-sufficient sentence in this case would be 180 months.

5.    **CONCLUSION**

WHEREFORE, for the reasons outlined above the Defendant respectfully requests this Honorable Court impose a sentence of 180 months imprisonment followed by 3 years of supervised release. The Defendant would ask that the Court take into consideration his medical condition when sentencing him.

THE DEFENDANT,
JOSE CRUZ,
By His Attorney,

Dated: August 28, 2006

Kevin G. Murphy, Esquire
Pessolano, Dusel, Murphy & Casartello, P.C.
115 State Street, Fifth Floor
Springfield, MA  01103
(413) 781-4700
(413) 781-0471 (fax)
BBO No. 363110