```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
            v.              )      05-CR-30044-MAP
                            )
JOSE CRUZ,                  )
      Defendant.            )
```

## MEMORANDUM & ORDER REGARDING
## DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255
## (Dkt. No. 27)

February 14, 2017

**PONSOR, U.S.D.J.**

Defendant Jose Cruz has brought this petition pursuant to 28 U.S.C. § 2255, based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) (<u>Johnson II</u>), and <u>Johnson v. United States</u>, 559 U.S. 133 (2010) (<u>Johnson I</u>), seeking to vacate and correct his 2006 sentence. For the reasons that follow, the court will deny the petition.

On December 22, 2005, Defendant pleaded guilty to a single charge of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On August 31, 2006, Defendant was sentenced to a minimum mandatory term of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Eligibility for sentencing under this statute requires three prior predicate convictions. The convictions that mandated this designation at the time of Defendant's sentencing were a 1996 conviction

for assault and battery with a dangerous weapon (ABDW) and two other convictions for distribution of a class A substance. It is undisputed that the drug convictions were, and remain, proper predicates. Defendant contends, however, that after <u>Johnson I</u> and <u>Johnson II</u> his conviction for ABDW can no longer constitute a valid predicate for his ACCA designation. With only two predicates, he argues, the mandatory fifteen-year sentence was improper and must be vacated.

Before addressing the merits of Defendant's argument, the court must first dispose of the government's assertion of procedural default. This can be done quickly, as the court has previously addressed this issue. <u>United States v. Lattanzio</u>, No. 93-CR-30017-MAP, slip op. at 5-6 (D. Mass. Feb. 8, 2017) (citing other cases); <u>United States v. Aponte</u>, No. 11-CR-30018-MAP, -- F. Supp. 3d --, 2016 WL 5338505, at *1 (D. Mass. Sept. 22, 2016). Briefly, Defendant satisfies both the cause and prejudice requirements for collateral review. Cause may be found in the fact that, as of 2006, the Supreme Court's holdings in the <u>Johnson</u> cases could scarcely have been anticipated. The possibility of a sentence reduction if Defendant is no longer ACCA-eligible establishes prejudice.

Proceeding to the merits of Defendant's petition, the

issue before the court is whether Defendant's conviction for ABDW continues to qualify as a predicate offense under the ACCA. Defendant's argument is two-fold. First, he contends that the crime of ABDW in Massachusetts is indivisible. See Descamps v. United States, 133 S. Ct. 2276, 2283 (2013) (stating that where a statute is indivisible, a conviction cannot serve as an ACCA predicate if the statute "sweeps more broadly" than a generic version of the crime). Second, he argues that, because the Massachusetts statute for ABDW encompasses conduct that may be either intentional or reckless, his ABDW conviction cannot serve as a predicate offense under the ACCA. See Johnson I, 559 U.S. at 140 (finding that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force -- that is, force capable of causing physical pain or injury to another").

Defendant is correct that the crime of ABDW in Massachusetts encompasses both intentional and reckless conduct. United States v. Tavares, 843 F.3d 1, 12 (1st Cir. 2016). However, in Tavares the First Circuit also held, contrary to Defendant's argument, that in Massachusetts the common law crime of ABDW is divisible. Id. at 13. Moreover, the First Circuit concluded that the intentional version of ABDW "qualifies as a crime of violence" for

purposes of an armed career criminal designation.  Id.  The question of whether the reckless form of ABDW might also qualify as an ACCA predicate offense was explicitly left open by the First Circuit in Tavares.  Id. at 19 (stating "we stop short of finally deciding now whether a conviction under the reckless version of ABDW qualifies as a crime of violence").

Having faced this question after the Tavares decision, this court, joining several others, has concluded that the reckless form of ABDW does not qualify as a predicate offense.  Lattanzio, slip op. 16.

Accordingly, at least before this court as the law stands now, Defendant might be entitled to relief from his sentence if he was convicted of the reckless form of ABDW. Here, unfortunately, is where Defendant's argument founders. Given that the crime of ABDW is divisible, the court must examine the record, under Shepard v. United States, 544 U.S. 13, 26 (2005), to determine whether cognizable documents exist that will clarify whether Defendant was convicted in 1996 of the reckless form of ABDW, which cannot form a predicate under the ACCA, or the intentional version, which can.

The government asserts that it is Defendant's burden to produce these Shepard documents to show he was not

convicted of the intentional form of the felony.  This
assertion is incorrect.  In Tavares, the First Circuit held
that this burden lies with the government.  Tavares, 843
F.3d at 20 (stating that the government, not the defendant,
would have "the opportunity to put forth Shepard
documents").

Unfortunately for Defendant, the government in this
case, in fact, has identified Shepard-approved documents
clearly demonstrating that Defendant's 1996 ABDW conviction
was for the intentional version of ABDW that unquestionably
qualifies, under Tavares, as an ACCA predicate.  The
transcript of Defendant's 1996 trial on the ABDW charge
(among other charges) included the jury instructions.[1]
These unambiguously demonstrate that Defendant was charged
and convicted of the intentional version of ABDW; the trial
court did not instruct at all on the reckless version of the
offense.[2]  (1996 Trial Tr. 4-137:20-21 (instructing that the

---

[1] Jury instructions from the convicting court are one of the types of judicial records a court may consider in determining whether Defendant was convicted of the intentional version of ABDW.  Tavares, 843 F.3d at 10 n.6 (citing Shepard v. United States, 544 U.S. 13, 26 (2005)).

[2] Defendant went to trial with two co-defendants on two charges, ABDW and intimidation of a witness.  At the trial, the Commonwealth showed that Defendant used a motor vehicle to strike the victim's motor vehicle for the purpose of intimidating the victim, who was a witness in another criminal proceeding.  While instructing the jury on the ABDW charge, the court specifically and exclusively discussed the joint

second element of the ABDW charge required a "touching [that] was intentional, intentional in that it didn't happen by accident"), Dkt. No. 43, Attach. 2.)

In sum, though Defendant is correct that not all forms of ABDW qualify as a crime of violence for purposes of an armed career criminal designation, <u>Shepard</u> documents offered by the government establish that Defendant was in fact convicted in 1996 of the version of ABDW that qualifies as a crime of violence. <u>Tavares</u>, 843 F.3d at 13. Indeed, Defendant's brief does not argue otherwise. With a qualifying ABDW conviction, as well as two serious drug offenses, Defendant remains in the category of an armed career criminal. <u>See</u> 18 U.S.C. § 924(e)(1).

For the foregoing reasons, Defendant's Motion to Vacate (Dkt. No. 27) is hereby DENIED. The case may now be closed.

It is So Ordered.

                            <u>/s/ Michael A. Ponsor</u>
                            MICHAEL A. PONSOR
                            U. S. District Judge

---

venture theory with respect to the co-defendants, Eliezer Perez and Aldolfo Perez. (1996 Trial Tr. 4-145 - 4-147, Dkt. No. 43, Attach. 2.) Defendant was charged as a principal actor in the ABDW offense. The jury returned a guilty verdict against Defendant for ABDW and Eliezer Perez as a joint venturer and not guilty for Aldolfo Perez for ABDW. (<u>Id.</u> at 4-167 - 4-168.)